## ASSESSMENTS FOR IMPROVEMENT OF PUBLIC HIGHWAYS.

Circuit Court of Licking County.

CHARLES C. KASSON, ON BEHALF OF HIMSELF AND OTHERS, v. THE BOARD OF COUNTY COMMISSIONERS OF LICKING COUNTY ET AL.

Decided, 1908.

*Roads—Construction of Provision for Assessing Lands Lying Within One Mile of the Improvement—Injunction Against Collection of Assessment for Lands Lying Beyond Terminus—Taxing Districts— Equitable Distribution of Burden—Sections 6928, 7254 and 7332.*

Under the one mile road assessment act the taxing district is confined to one mile of the improvement within a line drawn at right angles with the termini thereof.

*Smythe & Smythe,* for plaintiffs.
*J. R. Fitzgibbon,* Prosecuting Attorney, contra.

TAGGART, J.; DONAHUE, J., concurs; CRAINE, J., dissents in a separate opinion.

This cause came into this court on appeal from the judgment of the common pleas court, and is submitted to the court upon the pleadings and agreed statement of facts. The plaintiffs seek an injunction restraining the commissioners and tax-collecting officers of the county from collecting or attempting to collect assessments levied by the commissioners upon the respective lots of lands owned by said plaintiffs in said county, and beyond the termini of the improvement, to pay for which said levies were made.

It appears from the agreed statement of facts that on the 8th day of May, 1907, the board of county commissioners ordered the improvement of that portion of a certain public highway in said county of Licking, known as the Johnstown and Sunbury road, extending from the county line of Delaware and Licking counties, southeasterly to the west corporation line of the village of Johnstown, in said county of Licking, by grading and covering the surface thereof with stone, and by authority of and in accordance with the provision of Section 4670-14 of the Revised Statutes of Ohio, and the question presented in this case involves the construction of that statute.

It appears further from the agreed statement of facts that the commissioners have levied an assessment against the lots and parcels of real estate lying within one mile of the southeasterly terminus of the improvement, and lying without the village of Johnstown, making no levy whatever upon the village of Johnstown or upon the lots or parcels of land therein situate, although all of said village is within one mile of said terminus.

It is also shown by the agreed statement of facts that if the commissioners have a right to levy a tax upon the real estate in the municipality of Johnstown, then the original petition praying for this improvement did not have the requisite number of signers therefor, and consequently the commissioners were without jurisdiction to proceed with said improvement or to levy said tax.

We are of the opinion that if this statute in question under which these proceedings were had authorized the commissioners to levy an assessment against lands lying within one mile of the terminus of said improvement, that it necessarily follows that the village of Johnstown and the property therein situated would be subject to such a levy. This, we think, clearly appears, not only from the general legislation on the subject of roads and highways and improvements thereof, but the adjudicated cases are, to our mind, all to that effect.

While the exact question was not before the court in the case of *Lewis* v. *Layland et al,* 46 Ohio State, 663, yet the reasoning of the court in that case applies with equal force to this one.

On page 675, Judge Bradbury, announcing the opinion of the court, says:

"It is true that Section 2640 in very general terms gives to municipal councils the 'care, supervision and control of all public highways,    *    *    *    within the corporation.' The power conferred by this section is full and ample; but it contains no words directly excluding that conferred by the statute upon the county commissioners. If it has that effect, it amounts to a repeal of the latter statute by implication. Repeals of this kind are not favored."

Again, on the same page, he says:

"The Legislature, by the provisions of Section 2640, R. S., bestowed a very general control over the highways within municipal corporations, but at the same time they have preserved to the county commissioners a power to improve those public highways which are a part of the general road system of the county, though they may happen to lie partly within the limits of the municipality."

As we understand the pleadings and the agreed statement of facts, the lands and parcels of land owned by the plaintiffs and those in interest with him, lie beyon this terminus of the improvement, and therefore from the conclusion we have reached would be entitled to an injunction, not only because the assessment is not uniform to the prejudice of plaintiff and those for whom he sues, but because the commissioners were without jurisdiction to order the improvement or to levy the assessment, if they are at all entitled to levy an assessment within one mile from the

end of the improvement, as well as on the sides. So it could make no difference whatever in the disposition of this case before us whether the commissioners have such a right or have not such a right.

But there is another important question involved in this case which ought to be determined, and one that we are not so clear upon, and that is as to whether or not the commissioners have any right to levy an assessment upon the lots and parcels of land within one mile from the end of the improvenemt or whether the assessment should be confined to the sides. The legislation on this subject is very indefinite and uncertain, and is one that ought to go to the Supreme Court at an early date for an authoritative determination, because it'is of vital importance to the entire state. A majority of this court, however, have reached the conclusion that the commissioners have no such authority. If this section were standing alone we would have no hesitation in saying that they would have such authority, but in view of the other legislation on kindred subjects and the construction given thereto by the Supreme Court of this state, we are forced to a different conclusion.

Section 4786, which applies to one mile assessment pikes, provides, in so many words, that the assessment shall be levied "on real and personal property within one mile on each side of the free turnpike road."

Section 4835, which applies to the two mile assessment pikes provides:

"No lands shall be so assessed which do not lie within two miles of the proposed improvement, and the distance from either side, end, or terminus of the road; and the lands that have been assessed for the expense of any improvement made under the provisions of this chapter, shall not be re-assessed under subsequent proceedings for an extension of the same, unless the prior assessment be not deemed proportioned to the whole benefit resulting to such lands."

The language of both these sections in clear and unequivocal, and the Supreme Court of Ohio, in considering Section 4786, in the case of *Lear* v. *Halstead,* 41 Ohio State, page 566, says, on page 567:

"The provision in this section which requires that extra taxes shall be levied on real and personal property within one mile on each side of the turnpike road, does not, we think, embrace lands within one mile as measured from the end of the road, but only as measured from either side of the road and between the termini of the same. The lands therefore, situated beyond the terminus of the turnpike, and lying outside of the line drawn from the terminus at right angles with the last course of the road were not subject to taxation. The legislative intent seems plain. If it had been designed to extend the tax limits, so as to include territory and personal property beyond the end of the turnpike, the Legislature, it is presumed, would have made it manifest by appropriate language. It did not fail to do so in the act commonly known as the two mile improvement law, which provided that no lands should be assessed which did not lie within two miles of the proposed improvement, and that such distance of two miles might 'be computed in any direction from either side, end or terminus of said road.' "

The section under consideration, to-wit, 4670-14, of the Revised Statutes, provides, "that when a majority of the resident owners of any real estate lying and being within one mile of any public road, shall present a petition," etc.

In view of the announcement made by the Supreme Court in the case of *Lear* v. *Halstead, supra*, "That if the Legislature had designed to extend the tax limits, so as to include territory and personal property beyond the end of the turnpike, the Legislature, it is presumed, would have made it manifest by appropriate language," it appears to a majority of the court that the correct construction of this statute would require that the levy should be limited within one mile on each side of the improvement, and this construction seems to us to be the the only possible one, in view of the fact that there is one section which expressly provides that the taxing district shall include the property within two miles of the end, as well as the sides, and in view of the fact that the Legislature is presumed to have known the construction given by the Supreme Court in the 41st Ohio State, and to have known that that court said that if it is intended to extend the taxing district beyond the terminus it ought to use plain and appropriate words to do so.

Another argument in favor of this construction is that under the provisions of this section that the lands within a mile of

the terminus of the road would be subject to a second assessment for the continuation of the improvement and in the only statute providing for the extension of this taxing district, to-wit, the two mile assessment statute, it is expressly provided that this shall not be done, unless it appear that the property has not paid its full share of the cost of the improvement, with reference to the benefits conferred. But we find no such provisions in this section before us, and the construction contended for by the defendant would necessarily leave this land subject to a second assessment without regard to the amount paid on the first assessment, an altogether unfair distribution of burdens for public improvements.

We are therefore of the opinion that the taxing district for this improvement must be confined to one mile on each side of the improvement, and within a line drawn at right angles with the termini thereof, and that being true the county commissioners had jurisdiction to order the improvement and to levy the assessment upon those lands, but had no authority to levy an assessment on the lands beyond the improvement, and as to these levies the defendants will be enjoined from collecting or attempting to collect the same.

Motion for new trial will be overruled and exceptions noted, and if counsel desire a finding of fact from the agreed statement of facts, they can prepare the same and file it, or they can use the agreed statement of facts used in this court for the purpose of prosecuting error to the Supreme Court.


CRAINE, J., dissenting.

I do not concur in the construction placed by a majority of the court on Section 4670-14, R. S. The majority of the court hold, as I understand them, that only the lands lying and being within one mile on each side of the improvement can be assessed.

Under the two mile assessment act, found in Section 4835, R. S., the law reads:

"And no lands shall be so assessed which do not lie within two miles of the proposed improvement, and the distance of two miles may be computed in any direction from either side, end, or terminus of the road."

Under this act, the Legislature made it very plain and certain that the assessment might extend to any land lying within two miles from the end of the improved road.

Under the one mile assessment law, Section 4786, R. S., reads as follows, in part:

"Extra taxes levied as hereinbefore provided shall be on real and personal property within one mile on each side of the free turnpike road."

Under this section the Legislature made it very plain and certain that the assessment could be made only on lands lying within one mile on each side of the improvement.

Section 4670-14, R. S., the one under which this improvement was made, provides that:

"When a majority of the residence owners of any real estate *lying and being* within one mile of any public road," etc.

My interpretation of this statute is that it means exactly what it says, and if land lie and be within one mile of this improvement, it may be assessed its part for the construction of the same.

In 66 O. S., 621, a portion of the syllabus reads as follows:

"But the intent of the law makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt and express plainly, clearly and distinctly the sense of a law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact? That body should be held to mean what it has plainly expressed, and hence no room is left for construction.

"The language of the act of May 12, 1902, entitled 'An Act to amend Section 6710, as amended 83 O. L., 255, of the Revised Statutes,' is plain and free from doubt, and effect must be given to its clear import without regard to the consequences which may result."

In my judgment, the language found in Section 4670-14, R. S., is plain and unambiguous. It says that the "real estate lying and being within one mile of any public improvement shall be

taxed: I think that if the land lies and is within one mile of a public improvement it is assessable, irrespective of whether it is one mile from an end or one mile on the side. ·· .  ····· ·

The majority of the court call particular attention to the fact that under the two mile assessment act above referred to, the Legislature expressly provided that the assessment might be within two miles of the end of the improvement, and hence argue that if the Legislature had intended Section 4670-14 to extend to and include lands lying and being within one mile of the end of the improvement, it would have said so; but it will be recalled that under the one mile assessment act just referred to, when the Legislature wanted the assessment to apply only to lands being within one mile on each side of the improvement, it said so; and I might argue with equal force that if the Legislature had intended Section 4670-14, R. S., to apply only to lands lying and being within one mile on each side of the improvement, it would have said so.

It is said also by the majority of the court that it would be inequitable to assess this upon the lands within one mile of the end of the road, because within that distance the town of Johnstown is located and that that property might be re-assessed. With that I am not concerned. That is a question for the Legislature. It has, however, provided a means of eliminating all embarrassment that might arise from such a condition, because under Section 4670-14, Revised Statutes, the land is to be assessed *according to the benefits,* and that question can be taken care of under the method of assessing. There is no doubt but what the county commissioners would have a right to improve this road through the town of Johnstown. This is held in 46 O. S., 663. There is no doubt but what the Legislature had the constitutional right, in passing Section 4670-14 to include lands lying and being within one mile from the end of the road, and I think that the language used in that section clearly imports lands lying and being within one mile from the end of the road.